UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                  :
GWENDOLYN WHITE,                 :        Case No. 1:14-CR-185
                                                  :        Case No. 1:16-CV-2181
          Petitioner,                        :
                                                  :
v.                                               :        OPINION & ORDER
                                                  :        [Resolving Doc. 169, 1:14-CR-185]
UNITED STATES OF AMERICA,    :        [Resolving Doc. 1, 1:16-CV-2181]
                                                  :
          Respondent.                     :
                                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Gwendolyn White petitions for a writ of habeas corpus under 28 U.S.C. § 2255.[1] She

argues that the Court should vacate her sentence and apply a mitigating role reduction as

contemplated by United States Sentencing Guidelines ("Guidelines") Amendment 794. For the

reasons below, the Court **DENIES** White's petition.

## I. Background

Petitioner Gwendolyn White pleaded guilty to conspiracy to defraud the government;

false, fictitious, or fraudulent claims; and aiding and abetting.[2] With an offense level of 19 and a

Criminal History Category of IV, White's Guidelines range was 46–57 months imprisonment.[3]

On December 8, 2014, the Court imposed a 47-month sentence.[4] White did not appeal.

On August 29, 2016, White filed the instant § 2255 petition.[5] White asserts an entitlement

to a sentence reduction due to her allegedly minor role in the offense. In support, White cites

Amendment 794 to U.S.S.G. § 3B1.2 and *United States v. Quintero-Leyva*.[6]

---

[1] Doc. 169. The government opposes. Doc. 172. Petitioner White replies. Doc. 176.
[2] Doc. 43.
[3] Doc. 104.
[4] Doc. 113.
[5] Doc. 169.
[6] 823 F.3d 519 (9th Cir. 2016).

Case No. 1:14-CR-185
Gwin, J.

## II. Discussion

*A. Petitioner White's petition is untimely.*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to § 2255 petitions.  The limitations period begins to run from the latest of

> (1)[t]he date on which the judgment of conviction became final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[7]

The one year statute of limitations may be equitably tolled, but only if the petitioner can demonstrate "'(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.'"[8]

Petitioner White was sentenced on December 8, 2014, and judgment was entered the next day.[9] Her conviction and sentence became final upon expiration of the fourteen-day period during which she could have appealed.[10] Thus, the deadline for filing a § 2255 petition was December 23, 2015. Moreover, she makes no argument that equitable tolling applies to save her claims here. White's petition, filed on August 29, 2016, is time-barred.[11]

---

[7] 28 U.S.C. § 2255(f).
[8] *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).
[9] Doc. 113.
[10] *See United States v. Sancehz-Castellano*, 358 F.3d 424, 427 (6th Cir. 2004).
[11] None of the alternate events triggering the limitations period applies in this case. White has pointed to no government-created impediment to filing, she does not assert any right newly recognized by the Supreme Court, and she does not present any new facts. *See* 28 U.S.C. § 2255(f).

Case No. 1:14-CR-185
Gwin, J.

*B. Petitioner White waived her right to challenge her conviction on collateral appeal.*

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right.'"[12] This waiver applies to § 2255 claims if the defendant enters the waiver agreement knowingly and voluntarily.[13] Absent any manifest injustice, these waivers are enforceable.[14]

In her written plea agreement, Petitioner White voluntarily and knowingly waived her right to collaterally attack her sentence, except in very limited circumstances. White's Guidelines-amendment argument does not fall within those exceptions. She was not sentenced in excess of the statutory maximum or the stipulated Guidelines range.[15] She is not contesting her Criminal History Category.[16] She is not raising ineffective assistance of counsel or prosecutorial misconduct claims.[17] Because White's Guidelines claim falls within the scope of her waiver, White has waived her right to bring this § 2255 claim.

*C. Petitioner White cannot raise her Guidelines Amendment argument in a § 2255 motion.*

White argues that the Court should vacate her sentence and apply a mitigating role reduction contemplated by Amendment 794 to Guidelines § 3B1.2. But even if White had not waived her right to challenge her conviction and had timely filed the petition, her argument fails on the merits.

---

[12] *United  States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001) (citing *United States v. Ashe*, 47 F.3d 770,  775-76 (6th Cir. 1995)).
[13] *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *see also Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987).
[14] *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).
[15] Doc. 24.
[16] Doc. 36.
[17] *Id.*

Case No. 1:14-CR-185
Gwin, J.

Title 28 United States Code Section 2255 gives a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[18]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[19] Non-constitutional errors are generally outside the scope of § 2255 relief.[20] A defendant can only prevail when alleging a non-constitutional error by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[21]

Petitioner White's resentencing motion is outside the scope of § 2255 relief. White makes no showing of constitutional error. A minor role offense-level reduction is not of constitutional or jurisdictional magnitude. Nor is declining to reduce White's sentence in light of Guidelines Amendment 794 "a complete miscarriage of justice."

White argues that the Ninth Circuit's *Quintero-Leyva* decision provides a basis for reducing her sentence. Although the Sixth Circuit recently adopted the reasoning in *Quintero-Leyva*, it did so in an unpublished decision.[22] Moreover, in *Quintero-Leyva*, the Ninth Circuit held that Amendment 794 was retroactively applicable in cases *pending direct appeal*.

---

[18] 28 U.S.C. § 2255(a).
[19] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[20] *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).
[21] *See United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citation omitted).
[22] *United States v. Carter*, -- F. App'x ---, 2016 WL 5682707, at *6 (6th Cir. Oct. 3, 2016).

4

Case No. 1:14-CR-185
Gwin, J.

Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists the

Guidelines amendments that are retroactively applicable to defendants on collateral review, and

Amendment 794 is not listed.[23] *Quintero-Levya* does not create an actionable new right under

federal law.

      Additionally, the mitigating role reduction does not seem to apply to Petitioner White.

After Amendment 794, "a defendant who does not have a proprietary interest in the criminal

activity and who is simply being paid to perform certain tasks should be considered" for the

reduction.[24] The Amendment added a non-exhaustive list of factors for courts to consider,

including "the degree to which the defendant participated in planning or organizing the criminal

activity" and "the degree to which the defendant stood to benefit from the criminal activity."[25]

White played an essential, indispensable role in the fraudulent tax refund conspiracy: she

prepared and electronically filed with the IRS false income tax returns for a fee.[26] White was not

a minor participant under § 3B1.2.

### III. Conclusion

      For the reasons stated in this opinion, this Court **DENIES** White's petition. This Court

certifies that no appeal could be taken from this order in good faith.

      IT IS SO ORDERED.

Dated: October 28, 2016                 *s/     James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[23] *Johnson v. United States*, No. 2:10-cr-185, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016) (citing *United States v. Perez-Carrillo*, Nos. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016)).
[24] U.S.S.G. § 3B1.2 (2015).
[25] U.S.S.G. § 3B1.2, cmt. n.1(c) (2015).
[26] Doc. 43 at 9-15.